J-S18042-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LISA TOLLERSON | |
| Appellant | No. 2225 EDA 2014 |

Appeal from the Judgment of Sentence June 27, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0206971-2006

BEFORE:  BENDER, P.J.E., ALLEN, J., and MUNDY, J.

MEMORANDUM BY MUNDY, J.:                    **FILED JUNE 26, 2015**

Appellant, Lisa Tollerson, appeals from the June 27, 2014 judgment of sentence of two and one-half to five years' imprisonment imposed following the revocation of her probation.  Contemporaneous with this appeal, Appellant's counsel has filed a petition to withdraw and an **Anders** Brief, which states his conclusion that the appeal is wholly frivolous.[1]  After careful review, we affirm the judgment of sentence and grant counsel's petition to withdraw.

We summarize the relevant procedural background of this case as follows.  On August 28, 2006, Appellant pled guilty to robbery and criminal

---

[1] **Anders v. California**, 386 U.S. 738 (1967).

conspiracy[2] at docket number CP-CR-0206971-2006 and received a sentence of six to 23 months' house arrest, followed by three years' probation. Thereafter, on October 23, 2006, the trial court found Appellant had violated the conditions of her sentence, vacated her sentence of house arrest, revoked her probation, and resentenced her to a term of two years of reporting probation. Appellant appeared before the trial court again on December 31, 2009 for violating the terms of her sentence, at which time the trial court revoked her probation and resentenced Appellant to a term of two years' probation.

On July 6, 2011, Appellant pled guilty to identify theft[3] at docket number CP-CR-0004559-2011, and the trial court sentenced her to six months' probation. At that time, Appellant acknowledged that pleading guilty to the offense violated her probation at docket number CP-CR-0206971-2006. N.T., 7/6/11, at 6. The trial court then imposed a sentence of 11 and ½ to 23 months' imprisonment, followed by four years' probation for Appellant's violation of probation to run concurrent with the sentence imposed for identity theft. *Id.* at 43.

_____

[2] 18 Pa.C.S.A. §§ 3701(a)(1)(i) and 903(a)(1), respectively.

[3] 18 Pa.C.S.A. § 4120(a).

On January 24, 2014, Appellant was found guilty of simple assault and possession of an instrument of crime[4] at docket number CP-51-CR-0010025-2013, and a violation of probation hearing was scheduled for June 27, 2014. At the hearing, the trial court determined Appellant violated her probation on her sentence at docket number CP-CR-0206971-2006, revoked her probation, and resentenced her to two and one-half to five years' imprisonment. Trial Court Order, 6/27/14.[5] On July 1, 2014, Appellant filed a motion to reconsider her sentence, and the trial court denied said motion on July 24, 2014. On July 28, 2014, Appellant filed a timely notice of appeal.[6]

In his **Anders** Brief, counsel has raised the following issues for our review.

> 1. Was there sufficient evidence to support the finding that [A]ppellant was in violation of her probation?
>
> 2. Was [Appellant] a good candidate for continued probation?
>
> 3. Was [Appellant's] sentence legal?

_____

[4] 18 Pa.C.S.A. §§ 2701(a) and 907(a), respectively.

[5] Specifically, the trial court resentenced Appellant to two and one-half to five years' imprisonment for her robbery conviction. The trial court imposed no further penalty on her conviction for criminal conspiracy.

[6] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

*Anders* Brief at 3.

"When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa. Super. 2010) (citation omitted). Additionally, an *Anders* brief shall comply with the requirements set forth by our Supreme Court in *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).

> [W]e hold that in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 361.

Pursuant to *Commonwealth v. Millisock*, 873 A.2d 748 (Pa. Super. 2005), and its progeny, counsel seeking to withdraw on direct appeal must also meet the following obligations to his or her client.

> Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief.

*Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa. Super. 2014) (internal quotation marks and citation omitted). "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Goodwin*, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*), *quoting Commonwealth v. Wright*, 846 A.2d 730, 736 (Pa. Super. 2004).

In the instant matter, we conclude that counsel's *Anders* brief complies with the requirements of *Santiago*. First, counsel has provided a procedural and factual summary of the case with references to the record. Second, counsel advances relevant portions of the record that arguably support Appellant's claims on appeal. Third, counsel concluded "this appeal [is] wholly frivolous." *Anders* Brief at 15. Lastly, counsel has complied with the requirements set forth in *Millisock*. As a result, we proceed to conduct an independent review to ascertain if the appeal is indeed wholly frivolous.

The first issue counsel raises on Appellant's behalf is the sufficiency of the evidence to support the finding that Appellant violated the terms of her probation. *Anders* Brief at 10. Our standard of review over such proceedings is well established. "Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." *Commonwealth v. Colon*, 102 A.3d 1033, 1041

(citation omitted), *appeal denied*, 109 A.3d 678 (Pa. 2015). "The burden of proof for establishing a violation of probation is a preponderance of the evidence, lesser than the burden in a criminal trial of proof beyond a reasonable doubt." *Id.* at 1042 (citation omitted).

Instantly, we conclude this issue is without merit. The trial court explained its finding as follows.

> Here, Appellant was serving her July 6, 2011 sentence of eleven and one-half to twenty-three months['] incarceration, followed by four years['] probation when she was convicted on new charges of simple assault and possession of an instrument of crime. Therefore, the [trial] court properly found that Appellant had directly violated the terms of her probation.

Trial Court Opinion, 9/12/14, at 4. Moreover, at the hearing, Appellant acknowledged that such violation occurred. In advocating for a lesser sentence, Appellant's counsel addressed the trial court and conceded the violation as follows. "I mean, there's no issue here. **We know she's in direct violation.**" N.T., 6/27/14, at 14 (emphasis added). Appellant also addressed the trial court and acknowledged her conviction, which prompted the revocation proceedings.

> I do accept responsibility for what I did. I accepted it. I accept it fully. One hundred percent. I accepted it when I got sentenced [for simple assault and possession of an instrument of crime]. I accepted it before that. I said that I was the one in the wrong on the assault case. I said that. I really said that. I wanted to say I was working on things.

*Id.* at 21.

Accordingly, we conclude there was sufficient evidence that Appellant violated the terms of her probation, and we agree with counsel that this issue is wholly frivolous.

The second issue raised on Appellant's behalf involves the trial court's imposition of a sentence of imprisonment. *Anders* Brief at 12. Specifically, counsel advances the following question for our review. "Was [Appellant] a good candidate for continued probation?" *Id.* Accordingly, this question implicates the discretionary aspect of Appellant's sentence.[7]

> It is well settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal. [Therefore, b]efore we reach the merits of this issue, we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. The third and fourth of these requirements arise because Appellant's attack on his sentence is not an appeal as of right. Rather, he must petition this Court, in his concise statement of reasons, to grant consideration of his appeal on the grounds that there is a substantial question. [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

_____

[7] *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) (concluding, "review of a discretionary sentencing matter after revocation proceedings is encompassed by the scope of this Court's review).

*Commonwealth v. Edwards*, 71 A.3d 323, 329-330 (Pa. Super. 2013) (citations omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013).

We conclude Appellant has not met the technical requirements necessary for this Court to engage in substantive review of her claim. Appellant has satisfied the first and second requirements by filing a motion for reconsideration of sentence and a timely notice of appeal. However, absent from the ***Anders*** Brief is "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence" as required by Rule 2119(f). Pa.R.A.P. 2119(f); ***see also Edwards***, ***supra***. Accordingly, Appellant has not properly petitioned this Court to review the discretionary aspect of her sentence, and we are unable to proceed with a determination of whether such claim would raise a substantial question. ***See Edwards***, ***supra*** at 330.

Lastly, we are asked to evaluate whether Appellant's sentence was legal. ***Anders*** Brief at 13. "Our standard of review is limited to determining the … authority of the sentencing court to consider the same sentencing alternatives that it had at the time of initial sentencing." ***Edwards***, ***supra*** at 327.

The trial court observed that its sentence was within the statutory limits in its Rule 1925(a) opinion as follows.

> Here, Appellant was serving probation following her conviction on the charge of robbery and conspiracy. Appellant was originally sentenced to a period of six to twenty-three months['] incarceration

- 8 -

> followed by three years['] probation. Upon her fourth revocation and third direct violation, this court sentenced Appellant to a period of incarceration of two and one-half to five years, well below the statutory maximum that could have been imposed by [the trial court] at Appellant's original sentencing.

Trial Court Opinion, 9/12/14, at 5. We agree with the trial court that Appellant's sentence is legal.

In this case, Appellant's conviction for robbery was graded as second-degree felony. Sentencing Order, 8/28/06. Therefore, the maximum term of imprisonment for which she could be legally sentenced on that offense was ten years. *See* 18 Pa.C.S.A. § 1103(2) ("In the case of a felony of the second degree, for a term which shall be fixed by the court at no more than ten years[]"). Accordingly, Appellant's sentence of two and one-half to five years' imprisonment is legal.

Based on the foregoing, we conclude Appellant is not entitled to relief, as all of her issues are wholly frivolous. As such, we affirm the June 27, 2014 judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/26/2015